# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

EREDINA J.,

                Plaintiff,

    v.

KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 2:21-cv-07041-FWS-DFM

**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE [28]**

## I. Introduction and Relevant Procedural History

Before the Court is the Magistrate Judge's Report and Recommendation issued on December 8, 2022 (the "Report and Recommendation"), (Dkt. 28), regarding Plaintiff Eredina J's ("Plaintiff") appeal of the decision made by the Administrative Law Judge ("ALJ") denying a claim for supplemental security income under Title XVI of the Social Security Act. (Dkt. 1.) Based on the state of the record, as applied to the applicable law, the Court adopts the Report and Recommendation, including each of the findings of fact and conclusions of law therein.

On September 1, 2021, Plaintiff filed the Complaint, including the allegation that the "conclusions and findings of fact of the defendant are not supported by substantial evidence and are contrary to law and regulation." (Dkt. 1.) On February 8, 2022, Defendant Kilolo Kijakazi ("Defendant") filed an Answer to the Complaint. (Dkt. 14.) In addition, the Certified Administrative Record (Social Security) of Defendant (the "CAR") was also filed on February 8, 2022. (Dkt. 15.)

On October 28, 2022, Plaintiff and Defendant (collectively, "Parties") filed a Joint Submission ("Joint Submission"). (Dkt. 26.) In the Joint Submission, Plaintiff and Defendant included a summary of the case and medical evidence, statements of disputed issues, the Parties' issues and contentions, and the relief requested by the Parties. (*Id.*)

On December 8, 2022, the Magistrate Judge issued the Report and Recommendation. (Dkt. 28.) On December 22, 2022, Plaintiff filed Objections to the Report and Recommendation ("Plaintiff's Objections"). (Dkt. 29.) On January 27, 2023, Defendant filed a Reply to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("Defendant's Reply"). (Dkt. 32.)

///
///
///

**II. Analysis**

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Where no objection has been made, arguments challenging a finding are deemed waived. *See* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." *Chith v. Haynes*, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

In the Report and Recommendation, the Magistrate Judge summarized the parties' disputes as follows:

> The parties dispute whether the ALJ properly (1) discounted Plaintiff's subjective testimony, (2) crafted the [Residual Functional Capacity], and (3) considered Plaintiff's manipulative limitations.

(Dkt. 28 at 4.)

Thereafter, the Magistrate Judge evaluated the record on the topics of "Subjective Symptom Testimony," "Residual Functional Capacity," and "Dupuytren's Contracture." (*Id*. at 4-13.) After completing the evaluation of the record, the Magistrate Judge concluded that the "ALJ's denial of benefits [should] be affirmed and that this case be dismissed with prejudice." (*Id*. at 13.)

In Plaintiff's Objections, in summary, Plaintiff argues the following: (1) "The Magistrate Judge's finding that the ALJ properly discredited Ms. Juarez's psychological symptomology evidence should be rejected;" (2) "The Magistrate Judge's finding that [t]he 'ALJ properly synthesized the medical and other evidence to reach the RFC' should be rejected;" and (3) "The Magistrate Judge's determination that the ALJ's conclusion that Dupuytren's contracture was not [a medically determinable impairment] at step [t]wo was not harmful error [and] should be rejected." (Dkt. 29 at 4-18.) In Plaintiff's Objections, Plaintiff concludes, "The Magistrate Judge's Findings and Recommendations that the ALJ's decision be affirmed should be rejected." (*Id*. at 18.)

In Defendant's Reply, in summary, Defendant argues the following: (1) "Plaintiff appears to make many of the same arguments that she made previously in her briefing;" (2) "The Magistrate Judge reasonably found that the ALJ properly evaluated Plaintiff's subjective symptom testimony;" (3) "The Magistrate Judge reasonably found that the ALJ properly determined her residual functional capacity;" and (4) "The Magistrate Judge reasonably found that the ALJ properly considered Plaintiff's Dupuytren's Contracture." (Dkt. 32 at 2-6.) Defendant concludes that the court should "accept the Magistrate Judge's Report." (*Id*. at 6.)

In this case, after conducting a *de novo* review of Plaintiff's Objections and Defendant's Reply with regard to the Report and Recommendation, the court agrees with each of the findings of fact and conclusions of law set forth in the Report and Recommendation, including the recommendation that "ALJ's denial of benefits be

affirmed and that this case be dismissed with prejudice." (Dkt. 28 at 13.) Accordingly, Plaintiff's Objections are **OVERRULED** on their merits.

In sum, pursuant to 28 U.S.C. § 636, the Court has reviewed the record, including the Report and Recommendation, the Complaint, the Answer, the CAR, Plaintiff's Objections, Defendant's Reply, and the other records of the case. After conducting a *de novo* determination of the portions of the Report and Recommendation to which Plaintiff's Objections pertain, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge in the Report and Recommendation.

### III. Conclusion

Based on the state of the record, as applied to the applicable law, the Court adopts the Report and Recommendation, including each of the findings of fact and conclusions of law therein. Accordingly, the Court **ORDERS** the following:

(1) The Decision of the Commissioner of the Social Security Administration is **AFFIRMED**.

(2) This Action is **DISMISSED WITH PREJUDICE**.

(3) Judgment is to be entered accordingly.

DATED: January 30, 2023

Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE